Argued and submitted December 5, 2005, affirmed May 10, petition for review denied August 15, 2006 (341 Or 245)

Kent D. VORONAEFF,
individually
and dba Voronaeff & Company,
*Plaintiff,*

*v.*

Robert KRIEG,
*Respondent,*
*and*

Lewis RUCKER,
*Appellant.*

12-04-14722; A128154

135 P3d 393

Donald J. Churnside argued the cause for appellant. With him on the brief were Jonathan R. Miko and Gaydos, Churnside & Balthrop, PC.

Jill R. Fetherstonhaugh argued the cause for respondent. With her on the brief was Business Law Centre.

Before Schuman, Presiding Judge, and Landau,* and Ortega, Judges.

SCHUMAN, P. J.

---

* Landau, J., *vice* Richardson, S. J.

## SCHUMAN, P. J.

Rucker appeals from the trial court's ruling that he was not entitled to attorney fees from Krieg, a codefendant against whom he filed a cross-claim. We affirm.

The dispute at the center of this case involved a real estate transaction between Rucker and Krieg. The dispute was submitted to a settlement judge. The proceeding before that judge was not transcribed, but the parties agree that one of its outcomes was a decision that the value of the real estate would be determined by an appraisal and that the cost of the appraisal would be borne by Krieg. That appraisal occurred; the appraiser was Voronaeff. Krieg began to make periodic payments to Voronaeff, but Voronaeff was not satisfied with that arrangement. Consequently, he filed this action against both codefendants, Rucker and Krieg, for the balance allegedly due. Rucker, along with his answer seeking dismissal of Voronaeff's complaint insofar as it related to him, filed a cross-claim against Krieg, alleging that Krieg, by not paying Voronaeff as agreed in the settlement proceeding, had breached a contract with Rucker. Rucker sought no damages *per se* against Krieg; rather, his cross-claim stated, "In the event judgment is entered in favor of Plaintiff [Voronaeff] and against Defendant Rucker, Defendant Rucker is entitled to a judgment in favor of [*sic*] Defendant Krieg for any such amounts." In addition to that conditional request, Rucker unconditionally sought reimbursement from Krieg for the costs and attorney fees that he had incurred in defending against Voronaeff, relying on ORS 20.082. That statute provides, in part:[1]

"(1) As used in this section, 'contract' includes all express or implied contracts and instruments or documents evidencing a debt.

"(2) Except as provided in this section, a court shall allow reasonable attorney fees to the prevailing party on any claim based on contract if:

---

[1] ORS 20.082 was amended by the 2005 Legislative Assembly. Or Laws 2005, ch 22, § 10. References throughout are to the version that was in effect at the time of trial.

"(a) The amount of the principal together with interest due on the contract at the time the claim is filed is $5,500 or less; and

"(b) The contract does not contain a clause that authorizes or requires the award of attorney fees.

"(3) Attorney fees may not be awarded to a plaintiff under the provisions of this section unless written demand for payment of the claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint * * *.

"(4) Attorney fees may not be awarded to a plaintiff under the provisions of this section if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the amount awarded to the plaintiff."

The trial court ultimately granted Rucker's motion for summary judgment against Voronaeff. Regarding the claim against Krieg, the court first allowed Rucker's motion for summary judgment seeking a fee award but subsequently sustained Krieg's objection and entered an order stating:

"Defendant Krieg's objection to Defendant Rucker's * * * Statement of Costs and Attorney Fees is sustained, the Court finding that such fees and costs are not authorized by ORS 20.082."

No letter opinion or other explanation accompanied that order. On appeal, Rucker argues that the order was error.

In his response at trial to Rucker's claim for attorney fees, Krieg raised three objections. First, he argued that Rucker's entitlement depended on the existence of a contract between the two, ORS 20.082(1), (2), and that no such contract existed. Second, Krieg argued that, even if there were a contract, Rucker was not entitled to attorney fees because the amount of money that Krieg tendered to Rucker before the litigation began ($0) was not less than the amount of money that Rucker was ultimately awarded on his substantive claim ($0). ORS 20.082(4). Third, Krieg argued that Rucker's cross-claim was entirely worthless, so no amount of attorney fees would be "reasonable." ORS 20.082(2).

As noted above, the court in sustaining Krieg's objections did not specify on which theory it relied. That being the case, in order to prevail on appeal, Rucker must demonstrate that, as a matter of law, none of the theories had merit. If any evidence supported even one of Krieg's theories, then, under ORS 19.415(2), we must affirm, because that statute precludes an appellate court from reversing a judgment "except for error substantially affecting the rights of a party." As long as one of Krieg's theories could have supported the verdict, we cannot say that the existence of other, nonmeritorious, theories "substantially affect[ed]" plaintiff's rights. *Shoup v. Wal-Mart Stores, Inc.*, 335 Or 164, 176, 61 P3d 928 (2003). Here, there is evidence to support at least one of Krieg's theories, that is, that no contract existed between Rucker and Krieg. We therefore affirm without deciding the other theories.

Krieg and Rucker each presented the trial court with a sworn statement regarding what occurred at the settlement proceeding that resulted in the employment of Voronaeff. Krieg's counsel presented affidavit testimony to the effect that Krieg agreed *with the settlement judge* that he would pay for the appraisal. Indeed, according to Krieg's counsel, the settlement judge expressly rejected Rucker's request to recognize an agreement between Krieg and Rucker and then allow Rucker to enforce it. That refusal occurred when the judge denied Rucker's proposal to pay Voronaeff himself and then deduct the amount of that payment from the balance that Rucker owed Krieg on an outstanding debt. According to Krieg's counsel's testimony, the judge rejected that arrangement on the ground that the disputed payment to Voronaeff was a "private contractual matter between Defendant Krieg and Mr. Voronaeff that did not involve Defendant Rucker." Rucker's counsel, on the other hand, presented an affidavit asserting,

> "One of the issues in dispute was the value of certain real property interests which were sold [by Krieg to Rucker]. When the parties could not agree upon the value of that interest, the parties did agree that Kent Voronaeff would be employed to render an appraisal of the property interests in question. It was further agreed that Mr. Krieg would pay Mr. Voronaeff for those services."

Krieg's account, which the court was entitled to believe, supports the conclusion that no contract existed between Krieg and Rucker. ORS 20.082 defines a contract as "all express or implied contracts and instruments or documents evidencing a debt." It is undisputed that no instrument or document evidencing a debt exists; if there was a contract, it was an oral agreement between the parties. Yet there was competent testimony to the effect that the only "agreement" to emerge from the settlement proceeding was Krieg's willingness to accept the settlement judge's suggestion that he incur an obligation to pay Voronaeff. That agreement is not a "contract" between Krieg and Rucker. In Krieg's version of what transpired, Krieg agreed to the settlement judge's suggestion that Krieg pay for the appraisal, and Rucker was merely a bystander to that agreement, albeit one with an interest.[2] Nonperformance of the agreement could have exposed Krieg to liability to Voronaeff, but we fail to see how, on the facts as related by Krieg, nonperformance exposed Krieg to liability to Rucker. We therefore conclude that there was evidence to support Krieg's first objection to Rucker's complaint.[3]

Thus, if the trial court rendered its decision based on Krieg's argument that no contract existed between him and Rucker, it did not err. Because we cannot tell that it did not decide the case on the basis of that meritorious argument, we cannot conclude that reliance on either of the other objections, even if it were error, substantially affected one of Rucker's rights. We therefore must affirm. ORS 19.415(2); *Shoup*, 335 Or at 176.

Affirmed.

---

[2] Rucker does not argue, and we do not decide, whether he was a third-party beneficiary to an agreement between Voronaeff and Krieg and, if so, whether that relationship would entitle him to an award of attorney fees under ORS 20.082.

[3] Krieg does not argue that, because Rucker received no monetary award, he was not the "prevailing party" under ORS 20.082(2), and we do not decide that issue.